UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SCOTT LYNN BALLERING,<br><br>                  Plaintiff,<br><br>     vs.<br><br>ALL STATE ATTORNEY GENERALS &<br>LEMON LAW DEPARTMENTS,  FCA LLC<br>AUTOMOTIVE GROUP,  ALL AUTO<br>MANUFACTURES,  ALL AUTOMOTIVE<br>DEALERS,  BOSCH AUTOMOTIVE,<br>NSTB,  ALL AUTO INSURANCE<br>COMPANIES, JUDGE CHAD F. KENNEY,<br><br>                  Defendants. | CIV. NO. 20-00530 LEK-RT |

**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT
FOR A CIVIL CASE AND DENYING PLAINTIFF'S APPLICATION TO
PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On December 4, 2020, pro se Plaintiff Scott Lynn

Ballering ("Ballering") filed his Application to Proceed in

District Court Without Prepaying Fees or Costs ("Application").

[Dkt. no. 4.]  Ballering filed his Amended Complaint for a Civil

Case ("Amended Complaint") on December 30, 2020.  [Dkt. no. 5.]

The Court has considered the Application as a non-hearing matter

pursuant to Rule LR7.1(d) of the Local Rules of Practice for the

United States District Court for the District of Hawaii.  For

the reasons set forth below, the Amended Complaint is hereby

dismissed without prejudice, and the Application is denied.  In

other words, Ballering will be allowed to file a second amended

complaint to try to cure the defects in the Amended Complaint, but he must pay the $402.00 filing fee when he does so. Ballering's second amended complaint must be filed and the filing fee must be paid by **March 30, 2021**.

<u>**BACKGROUND**</u>

**I.   <u>This Action</u>**

Ballering initiated this action on December 3, 2020. [Complaint for a Civil Case ("Complaint"), filed 12/3/20 (dkt. no. 1).]  However, because the Amended Complaint supersedes the original Complaint, only the allegations in the Amended Complaint will be considered.  See <u>Ramirez v. Cnty. of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established . . . that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." (citations and internal quotation marks omitted)).

According to the Amended Complaint, Ballering "is a citizen of the State of Washington."  [Amended Complaint at ¶ II.B.1.a.]  The defendants named in the Amended Complaint are: "All State Attorney Generals & Lemon Law departments"; "FCA LLC Automotive group"; "All automotive Manufactures"; "All Automotive dealers & repair center tied to a brand"; "Bosch automotive"; National Safety Transportation Bureau; "Auto Insurance Industry"; and Judge Chad F. Kenney.  [<u>Id.</u> at ¶¶ 1A.-B.]  Ballering asserts that federal question jurisdiction,

pursuant to 28 U.S.C. § 1331, and diversity jurisdiction,

pursuant to 28 U.S.C. § 1332, exist in this case.  [Id. at

¶ II.]

       Ballering does not expressly identify what claims he

is alleging, but the gist of the Amended Complaint is that

Ballering is challenging:

-the manufacture, sale, and promotion of unsafe vehicles; see,
      e.g., id. at ¶ II.A;

-inadequate processes for notifying vehicle owners about safety
      recalls, other vehicle faults, and the application of sales
      taxes; see, e.g., id. at pgs. 5 and 8 of 9;

-state attorney generals' failure "to really help consumers
      process lemon claims"; see, e.g., id. at ¶ IV.4;

-Judge Kenney's failure consider the evidence before dismissing
      Ballering's case; see, e.g., id. at ¶ III.4; and judges'
      general failure to perform their duties; see, e.g., id. at
      ¶ IV.9; and

-the payment of "bailout" funds to entities that design,
      manufacture, market, sell, and maintain unsafe vehicles
      see, e.g., id. at ¶ IV.3.

The relief that Ballering seeks includes an order requiring all

vehicle manufacturers to develop a plan "outlining the entire

process of how the consumer's vehicles are going to be replaced"

with safer vehicles and to send this plan to every vehicle

owner.  [Id. at ¶ IV.10.]  Ballering states he owns a Jeep Grand

Cherokee Limit, and he apparently cites safety issues, lack of

recall notices, and insufficient disclosures as examples of the

issues that he raises in this case.  [Id. at pg. 5 of 9.]

## II.  **Actions in Other Districts**

Ballering has filed numerous other actions in other United States District Courts around the country.  The following are the actions that are similar to the instant case.

Ballering filed a Complaint for a Civil Case in Ballering v. All State Attorney Generals lemon law, et al., Civil No. 2:20-06343 CFK (E.D. Penn.), on December 17, 2020 ("Pennsylvania Action" "Pennsylvania Complaint").  [Pennsylvania Action, dkt. no. 1.]  Many of the allegations in the Pennsylvania Complaint are identical to allegations in the Amended Complaint in the instant case.  On December 21, 2020, Ballering filed an Amended Complaint for a Civil Case in the Pennsylvania Action, but the defendants and the allegations in the amended complaint were completely different from those in the Pennsylvania Complaint.  [Id., dkt. no. 3.]  Further, the heading of the amended complaint indicated that the document was to be filed in the United States District Court for the District of Portland.  On December 28, 2020, United States District Judge Chad F. Kenney issued a Memorandum and an Order that dismissed the Pennsylvania Action because both the Pennsylvania Complaint and the amended complaint did not comply with Fed. R. Civ. P. 8.  [Id., dkt. nos. 7, 8.]  Judge Kenney concluded that both the Pennsylvania Complaint and the amended complaint were "based on nearly incomprehensible allegations of harm and many fantastic

claims for relief to which Plaintiff is not, from a mere reading, entitled and containing only boilerplate recitations of jurisdiction without a factual statement of grounds for jurisdiction." [Id., dkt. no. 7.]

Ballering filed a Complaint for a Civil Case in Ballering v. All State Attorney Generals lemon law, et al., Civil No. 3:20-02166 IM (D. Or.), on December 14, 2020 ("Oregon Action" "Oregon Complaint"). [Oregon Action, dkt. no. 1.]  He filed an Amended Complaint for a Civil Case in the Oregon Action on December 31, 2020 ("Oregon Amended Complaint"). [Id., dkt. no. 6.]  The Oregon Amended Complaint appears to be identical to the Amended Complaint filed in the instant case.  As of the date of this Order, litigation of the Oregon Action was pending Ballering's payment of the filing fee or submission of an application to proceed in forma pauperis ("IFP").  See id., Order, filed 12/22/20 (dkt. no. 3) (ordering Ballering to pay the filing fee or submit an IFP application); id., Clerk's Notice of Mailing, filed 12/31/20 (dkt. no. 5) (noting the 12/22/20 order had to be resent to Ballering because of an error in his address).

Ballering filed a Complaint for a Civil Case in Ballering v. All State Attorney Generals lemon law, et al., Civil No. 2:20-19969 MCA-LDW (D.N.J.), on December 18, 2020 ("New Jersey Action" "New Jersey Complaint").  [New Jersey

Action, dkt. no. 1.]  The New Jersey Complaint appears to be identical to the Pennsylvania Complaint.  As of the date of this Order, litigation of the New Jersey Action was pending Ballering's payment of the filing fee or submission of an application to proceed *in forma pauperis*.  <u>See</u> <u>id.</u>, Clerk's Letter, filed 12/22/20 (dkt. no. 2).

<b><u>STANDARD</u></b>

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." <u>Smallwood v. Fed. Bureau of Investigation</u>, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); <u>Calhoun v. Stahl</u>, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

<u>Id.</u> at *3.

In addition, the following standards apply in the screening analysis:

Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).

Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

## DISCUSSION

### I.   Subject Matter Jurisdiction

Section 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  In response to the part of the complaint form asking the plaintiff to list "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Ballering states the defendants "[k]nowingly Manufacture, Sell & Promote very unsafe cars in the name of progress, to lower auto thief rates, while at the same time not providing adequate safety testing along with increasing profit Margins and hiding the facts of safety issues from consumers world wide."  [Amended Complaint at ¶ II.A.]  Because Ballering is proceeding pro se, the documents that he files must be liberally construed, and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks and

citations omitted).  Even liberally construing the Amended Complaint, this Court cannot determine what provision of the United States Constitution, the United States Code, or a treaty that the United States is a signatory to forms the basis for Ballering's claims in this case.  This Court therefore concludes that federal question jurisdiction does not exist in this case.

Ballering also asserts that diversity jurisdiction exists.  [Amended Complaint at ¶ II.]  Section 1332(a) states, in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States[.]"  The amount in controversy requirement is met because Ballering alleges "[t]rillions of dollars" are at issue in this case.  [Amended Complaint at ¶ II.B.3.]  As to the diversity of citizenship requirement, § 1332(a)(1) "require[s] complete diversity between all plaintiffs and all defendants."  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citations omitted).  In other words, "each plaintiff must be of a different citizenship from each defendant."  Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted).

Ballering states he "is a citizen of the State of Washington."  [Amended Complaint at ¶ II.B.1.a.]  He does not

provide any information about the defendants' respective citizenships.  See id. at ¶ II.B.2.  Ballering therefore has not met his burden to plead facts that, if proven, would establish that diversity jurisdiction exists in this case.  See Halbach v. Hyatt Corp., CIVIL NO. 20-00032 JAO-WRP, 2020 WL 898508, at *1 (D. Hawai`i Feb. 24, 2020) ("Federal courts are presumed to lack subject-matter jurisdiction, and the plaintiff bears the burden of establishing that subject-matter jurisdiction is proper." (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)).

Because the Amended Complaint does not plead a basis for either federal question jurisdiction[1] or diversity jurisdiction, this case must be dismissed for lack of subject matter jurisdiction.  See id. ("If the court lacks subject matter jurisdiction, an action must be dismissed." (citing Fed. R. Civ. P. 12(h)(3)).  However, because it cannot be said "it is absolutely clear that no amendment can cure the [jurisdictional] defect[s]," Ballering is entitled to the opportunity to file a second amended complaint to try to cure the defects identified in this Order.  See Lucas, 66 F.3d at 248.

---

[1] If there was a claim over which federal question jurisdiction existed, supplemental jurisdiction could be exercised over state law claims that were "part of the same case or controversy" as the federal law claim.  See 28 U.S.C. § 1367(a).

However, this Court notes that the defendants include the attorney general of each state, see Amended Complaint at ¶ I.B, which includes the attorney general for the State of Washington.  If the attorney general for the State of Washington is a citizen of Washington for purposes of § 1332(a)(1), that would destroy complete diversity because Ballering and one of the defendants would be citizens of the same state.

## II.  Personal Jurisdiction

In addition, if Ballering files a second amended complaint, he must plead a basis for personal jurisdiction over each of the defendants.  The Court sets forth the standards below to provide guidance to Ballering.

The personal jurisdiction analysis in a case based on federal question jurisdiction is the same as the personal jurisdiction analysis in a case based on diversity jurisdiction, except that Fifth Amendment due process rights are implicated. See, e.g., Kowalski v. Anova Food, LLC, Civ. No. 11-00795 HG-RLP, 2012 WL 3308884, at *5 n.1 (D. Hawai`i Aug. 10, 2012). This Court has stated:

> The district court considers two factors before exercising personal jurisdiction over a nonresident defendant in a diversity of citizenship case: "(1) whether an applicable state rule or statute potentially confers jurisdiction over the defendant; and (2) whether assertion of such jurisdiction accords with constitutional principles of due process." Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1392 (9th

11

Cir. 1984).  "The jurisdictional inquiries under
state law and federal due process merge into one
analysis" when, as here, the state's long-arm
statute is "co-extensive with federal due process
requirements."  Roth v. Garcia Marquez, 942 F.2d
617, 620 (9th Cir. 1991).  See Cowan v. First
Ins. Co. of Hawaii, 61 Haw. 644, 649, 608 P.2d
394, 399 (1980) (Hawaii's long-arm statute, Haw.
Rev. Stat. § 634-35, was adopted to expand the
jurisdiction of Hawaii's courts to the extent
permitted by the due process clause of the
Fourteenth Amendment).  Accordingly, personal
jurisdiction over [the defendant] depends on
federal due process requirements.

The Due Process Clause protects a person's
"liberty interest in not being subject to the
binding judgments of a forum with which he has
established no meaningful 'contacts, ties, or
relations.'"  Burger King Corp. v. Rudzewicz, 471
U.S. 462, 471-72, 105 S. Ct. 2174, 85 L. Ed. 2d
528 (1985) (quoting Int'l Shoe Co. v. Washington,
326 U.S. 310, 319, 66 S. Ct. 154, 90 L. Ed. 95
(1945)).  The Due Process Clause requires that
defendants have "certain minimum contacts with
[Hawaii] such that the maintenance of the suit
does not offend traditional notions of fair play
and substantial justice."  Int'l Shoe, 326 U.S.
at 316, 66 S. Ct. 154; Data Disc, Inc. v. Systems
Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th
Cir. 1977).  The minimum contacts required mean
that the defendant must have purposefully availed
itself of the privilege of conducting activities
within the foreign jurisdiction, thereby invoking
the benefits and protections of the foreign
jurisdiction's laws.  See Asahi Metal Indus. Co.
v. Sup. Court of Cal., Solano County, 480 U.S.
102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92
(1987).  In applying Due Process Clause
requirements, courts have created two
jurisdictional concepts — general and specific
jurisdiction.

A court may exercise general jurisdiction
over the defendant when the defendant is a
resident or domiciliary of the forum state, or
the defendant's contacts with the forum state are

> continuous, systematic, and substantial.
> Helicopteros Nacionales de Columbia, S.A. v.
> Hall, 466 U.S. 408, 414-16, 104 S. Ct. 1868, 80
> L. Ed. 2d 404 (1984); Data Disc, 557 F.2d at
> 1287 . . . .
>
>          Specific jurisdiction, on the other hand,
> may be found when the cause of action arises out
> of the defendant's contact or activities in the
> forum state.  See Roth v. Garcia Marquez, 942
> F.2d 617, 620 (9th Cir. 1991); Data Disc, 557
> F.2d at 1287. . . .

Barranco v. 3D Sys. Corp., 6 F. Supp. 3d 1068, 1077-78 (D.

Hawai`i 2014) (some alterations in Barranco) (some citations

omitted).

### A.   General Jurisdiction

In order to invoke general jurisdiction, Ballering's

second amended complaint would have to plead facts that, if

proven, would establish that each of the defendants either:

1) is a resident or domiciliary of the State of Hawai`i; or

2) has contacts with Hawai`i that are so "continuous,

systematic, and substantial" that general jurisdiction is

warranted.  See Helicopteros, 466 U.S. at 416.

### B.   Specific Jurisdiction

> [The Ninth Circuit] employ[s] a three-part test
> to determine if a defendant has sufficient
> minimum contacts to be subject to specific
> personal jurisdiction:
>
>          (1)  The non-resident defendant must
>          purposefully direct his activities or
>          consummate some transaction with the forum
>          or resident thereof; or perform some act by
>          which he purposefully avails himself of the

13

> privilege of conducting activities in the
> forum, thereby invoking the benefits and
> protections of its laws;
>
> (2)   the claim must be one which arises out
> of or relates to the defendant's forum-
> related activities; and
>
> (3)   the exercise of jurisdiction must
> comport with fair play and substantial
> justice, i.e. it must be reasonable.
>
> Brayton Purcell [LLP v. Recordon & Recordon], 606
> F.3d [1124,] 1128 [(9th Cir. 2010)] (internal
> quotation marks omitted).  As [the plaintiff]
> bears the burden of establishing the district
> court's jurisdiction over [the defendant], it
> must satisfy the first two prongs.  If it does
> so, then [the defendant] must come forward with a
> "'compelling case' that the exercise of
> jurisdiction would not be reasonable."
> CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d
> 1066, 1076 (9th Cir. 2011) (quoting Burger King
> Corp. v. Rudzewicz, 471 U.S. 462, 477, 105 S. Ct.
> 2174, 85 L. Ed. 2d 528 (1985)).

Washington Shoe Co. v. A-Z Sporting Goods, Inc., 704 F.3d 668,

672 (9th Cir. 2012) (footnote and some citations omitted).[2]

---

[2] In light of Walden, Brayton Purcell and Washington Shoe
have been abrogated as to the "individualized targeting" theory.
Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1070
(9th Cir. 2017) ("Following Walden, we now hold that while a
theory of individualized targeting may remain relevant to the
minimum contacts inquiry, it will not, on its own, support the
exercise of specific jurisdiction, absent compliance with what
Walden requires.").  "A theory of individualized targeting
alleges that a defendant 'engaged in wrongful conduct targeted
at a plaintiff whom the defendant knows to be a resident of the
forum state.'"  Id. at 1069 (quoting Washington Shoe, 704 F.3d
at 675).  The "individualized targeting" theory does not apply
in this case because the Complaint does not allege Ballering is
a Hawai`i resident.

"Purposeful direction requires a defendant to have (1) committed an intentional act, (2) expressly aimed at the forum state, and (3) causing harm that the defendant knows is likely to be suffered in the forum state." Lazar v. Kroncke, 862 F.3d 1186 (9th Cir. 2017) (brackets, citations, and internal quotation marks omitted).  In analyzing whether a defendant purposefully directed his activities at the forum state, the district court must focus upon "the relationship between the defendant, the forum, and the litigation." Brennan v. Hawai`i, CIV. NO. 17-00163 HG-RLP, 2017 WL 3187215, at *4 (D. Hawai`i July 26, 2017) (citing Walden v. Fiore, 134 S. Ct. 1115, 1126 (2014)).  Under the Walden analysis, "the relationship must arise out of contacts that the defendant **himself** creates with the forum State," and the court must "look[] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  571 U.S. 277, 284-85, 134 S. Ct. at 1122 (emphasis in Walden) (citations and internal quotation marks omitted).

If Ballering chooses to file a second amended complaint, he must allege facts that, if proven, would support the exercise of personal jurisdiction over each of the defendants.

15

## III. __Venue__

        This Court also encourages Ballering to consider
whether venue is proper in this district court.  "Venue in
federal courts is governed by statute."  Spagnolo v. Clark
Cnty., CIVIL NO. 15-00093 DKW-BMK, 2015 WL 7566672, at *2 (D.
Hawai`i Nov. 24, 2015) (citing Leroy v. Great Western United
Corp., 443 U.S. 173, 181 (1979)).[3]  Section 1391(b) states:

> A civil action may be brought in –
>
>> (1)  a judicial district in which any
>> defendant resides, if all defendants are
>> residents of the State in which the district
>> is located;
>>
>> (2)  a judicial district in which a
>> substantial part of the events or omissions
>> giving rise to the claim occurred, or a
>> substantial part of property that is the
>> subject of the action is situated; or
>>
>> (3)  if there is no district in which an
>> action may otherwise be brought as provided
>> in this section, any judicial district in
>> which any defendant is subject to the
>> court's personal jurisdiction with respect
>> to such action.

"The plaintiff has the burden of showing that venue is proper in
this district."  Spagnolo, 2015 WL 7566672, at *2 (citing
Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496
(9th Cir. 1979)).

---

[3] Leroy addressed an older version of 28 U.S.C. § 1391(b).
See 443 U.S. at 179.

If this Court ultimately determines that this case has been filed in an improper venue, this Court should either "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." See 28 U.S.C. § 1406(a). "A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal." Rosiere v. United States, CIVIL NO. 16-00260 HG-RLP, 2016 WL 3408848, at *2 (D. Hawai`i June 1, 2016) (citing King v. Russell, 963 F.2d 1301, 1305 (9th Cir. 1992)), *report and recommendation adopted as modified on other grounds*, 2016 WL 3440566 (June 20, 2016). In making that determination, this Court would consider the fact that Ballering has filed the same or similar actions in multiple district courts. Thus, if Ballering chooses to file a second amended complaint, the second amended complaint must include allegations showing that venue in the District of Hawai`i is proper, including why this case should remain in the District of Hawai`i, in spite of the related actions Ballering has filed in other districts.

## IV. Judicial Immunity

The claims Ballering asserts against Judge Kenney in this case appear to arise from his rulings against Ballering in the Pennsylvania Action. This district court has stated:

It is well established that judges are absolutely immune from liability for acts done by them in the exercise of their judicial functions. Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008). The doctrine of absolute judicial immunity is based on the policy that "judges should be at liberty to exercise their functions with independence and without fear of consequences." Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967) (applying judicial immunity to § 1983 action).[4] . . .

Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991).[5] "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Id. Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Moore v. Brewster, 96 F.3d 1240, 1243–44 (9th Cir. 1996) (superceded by statute on other grounds). "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." Id. (quoting Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988), cert. denied, 488 U.S. 995, 109 S. Ct. 561, 102 L. Ed. 2d 587 (1988)). Even if the judges acted incorrectly, with improper motive, or as part of a conspiracy, they are immune from suit for acts performed pursuant to their official functions. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump

---

[4] Pierson has been overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).

[5] Mireles has been superseded in part by the amendments to 42 U.S.C. § 1983 in the Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104–317, 110 Stat. 3847, 3853 (1996).

v. Sparkman, 435 U.S. 349, 355, 356–57, 98 S. Ct.
1099, 55 L. Ed. 2d 331 (1978) (citation omitted);
Pierson, 386 U.S. at 554 ("[I]mmunity applies
even when the judge is accused of acting
maliciously and corruptly").

Two limitations on the doctrine of judicial
immunity exist.

First, Judges are absolutely immune from
civil liability for actions taken in their
official capacities, unless committed in the
complete absence of all jurisdiction. Mireles,
502 U.S. at 11–12; Stump, 435 U.S. at 360;
Pierson, 386 U.S. at 554.

. . . .

Second, only judicial acts are protected by
absolute judicial immunity. Mireles, 502 U.S. at
12. The United States Supreme Court in Stump
explained that "whether an act by a judge is a
'judicial' one relate[s] to the nature of the act
itself, i.e., whether it is a function normally
performed by a judge, and to the expectations of
the parties, i.e., whether they dealt with the
judge in his judicial capacity." Stump, 435 U.S.
at 362 . . . .

Sakuma v. Ass'n of Condo. Owners of Tropics at Waikele, Civil

No. 08-00502 HG KSC, 2009 WL 89119, at *3–4 (D. Hawai`i Jan. 13,

2009) (some alterations in Sakuma) (some citations omitted),

aff'd, 398 F. App'x 286 (9th Cir. 2010).

It appears that the claims which Ballering is

attempting to assert against Judge Kenney are barred by the

doctrine of absolute judicial immunity. Therefore, if Ballering

chooses to file a second amended complaint and he chooses to

name Judge Kenney as one of the defendants, Ballering must plead

facts that, if proven, would establish that one of the exceptions to judicial immunity applies.

**V.    Summary and Leave to Amend**

Ballering's Amended Complaint has been dismissed, without prejudice, for lack of subject matter jurisdiction.  In other words, Ballering will have the opportunity to file a second amended complaint.  If Ballering chooses to file a second amended complaint, he must do so by **March 30, 2021**, and the second amended complaint must plead factual allegations supporting: 1) the existence of either federal question jurisdiction or diversity jurisdiction; 2) the exercise of personal jurisdiction over each of the defendants; 3) venue in the District of Hawai`i; and 4) an exception to the doctrine of judicial immunity, if Ballering names Judge Kenney as a defendant in the second amended complaint.

Ballering's second amended complaint must include all of the claims that he wishes to allege, and all of the allegations that his claims are based upon, even if he previously presented them in the original Complaint or the Amended Complaint.  He cannot incorporate any part of his original Complaint or the Amended Complaint into the second amended complaint by merely referring to the original Complaint or the Amended Complaint.  Ballering is cautioned that, if he fails to file his second amended complaint by **March 30, 2021**, or

if the second amended complaint fails to cure the defects identified in this Order, his claims will be dismissed with prejudice – in other words, without leave to amend.  Ballering would then have no remaining claims in this district court, and the Clerk's Office would be directed to close the case.

## VI.  **Application**

Ballering has recently brought other actions in this district court, and his IFP applications to proceed *in forma pauperis* have been denied.  See, e.g., Ballering v. Costco Corp., CV 20-00535 DKW-RT, Application to Proceed in District Court Without Prepaying Fees or Costs, filed 12/7/20 (dkt. no. 4); id., Order Denying Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, filed 12/9/20 (dkt. no. 5); Ballering v. State of Utah Dep't of Prof'l Licenses, et al., CV 20-00529 DKW-RT, Application to Proceed in District Court Without Prepaying Fees or Costs, filed 12/4/20 (dkt. no. 4); id., Order Denying Plaintiff's Application to Proceed Without Prepayment of Fees or Costs and Dismissing Complaint, filed 12/16/20 (dkt. no. 5), at 1-2 (denying the IFP application for the reasons stated in the CV 20-00535 order).

The information contained in the IFP applications that were filed in those cases is substantially the same as the information contained in the Application that Ballering filed in the instant case.  Ballering's Application in the instant case

is denied for the same reasons set forth in the CV 20-00535
order.  Ballering is therefore ordered to pay the required fee
if he chooses to file a second amended complaint.  Ballering is
cautioned that, if he fails to pay the $402.00 filing fee when
he files his second amended complaint, this action may be
automatically dismissed.

## CONCLUSION

For the foregoing reasons, Ballering's Amended
Complaint for a Civil Case, filed December 30, 2020, is HEREBY
DISMISSED.  The dismissal is WITHOUT PREJUDICE to the filing of
a second amended complaint that cures the defects identified in
this Order.  Ballering is GRANTED leave to file his second
amended complaint by **March 30, 2021**.  The second amended
complaint must comply with the terms of this Order.

In addition, Ballering's Application to Proceed in
District Court Without Prepaying Fees or Costs, filed
December 4, 2020, is HEREBY DENIED.  If Ballering chooses to
file a second amended complaint, he must pay the $402.00 filing
fee when he does so.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 29, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

SCOTT LYNN BALLERING VS. ALL STATE ATTORNEY GENERALS, ET AL; CV
20-00530 LEK-RT; ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT
FOR A CIVIL CASE AND DENYING PLAINTIFF'S APPLICATION TO PROCEED
IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS