UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SCOTT LYNN BALLERING,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ALL STATE ATTORNEY GENERALS & LEMON LAW DEPARTMENTS, FCA LLC AUTOMOTIVE GROUP, ALL AUTO MANUFACTURES, ALL AUTOMOTIVE DEALERS, BOSCH AUTOMOTIVE, NSTB, ALL AUTO INSURANCE COMPANIES, JUDGE CHAD F. KENNEY,<br><br>　　　　　　Defendants. | CIV. NO. 20-00530 LEK-RT |

**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT FOR A CIVIL CASE, FILED FEBRUARY 24, 2021, WITH PREJUDICE**

On December 3, 2020, pro se Plaintiff Scott Lynn Ballering ("Ballering") filed his Complaint for a Civil Case, and he filed his Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") on December 4, 2020. [Dkt. nos. 1, 4.] Ballering filed his Amended Complaint for a Civil Case ("Amended Complaint") on December 30, 2020. [Dkt. no. 5.]

On January 29, 2021, this Court issued an order dismissing the Amended Complaint without prejudice and denying the Application ("1/29/21 Order"). [Dkt. no. 8.[1]] The 1/29/21

---

[1] The 1/29/21 Order is also available at 2021 WL 310031.

Order identified several issues with the Amended Complaint: Ballering did not plead a basis for federal subject matter jurisdiction; he did not plead a basis for personal jurisdiction over each of the defendants; venue may be improper in this district court; and Ballering's claims against Defendant Judge Chad F. Kenney appeared to be barred by the doctrine of absolute judicial immunity.  [Id. at 8-20.]  Ballering was given until March 30, 2021 to file a second amended complaint and to pay the required filing fee.  [Id. at 22.]  Ballering was cautioned that, if his second amended complaint did not cure the defects identified in the 1/29/21 Order, his claims would be dismissed with prejudice and the case would be closed.  [Id. at 20-21.]

On February 21, 2021, Ballering filed a document titled "Amended Complaint for a Civil Case" ("Second Amended Complaint").  [Dkt. no. 9.]  Ballering filed another document titled "Amended Complaint for a Civil Case" on February 24, 2021 ("Third Amended Complaint").  [Dkt. no. 10.]  Ballering still has not paid the filing fee.

The Second Amended Complaint and the Third Amended Complaint appear to be virtually identical, although there are some differences, primarily in the addenda.  Because the Third Amended Complaint is the most recently filed version, it will be treated as the operative pleading.  None of the new allegations in the Third Amended Complaint, as compared to the Amended

2

Complaint, address the issues of subject matter jurisdiction, personal jurisdiction, venue, and judicial immunity. In spite of having notice of the defects in his claims and having the opportunity to amend his complaint, Ballering failed to address any of the defects identified in the 1/29/21 Order. Therefore, Ballering's claims still fail to state a plausible claim for relief, and the Third Amended Complaint must be dismissed. See 1/29/21 Order at 10 (citing Halbach v. Hyatt Corp., CIVIL NO. 20-00032 JAO-WRP, 2020 WL 898508, at *1 (D. Hawai`i Feb. 24, 2020) ("If the court lacks subject matter jurisdiction, an action must be dismissed.")).

Further, the dismissal of the Third Amended Complaint must be with prejudice because Ballering had notice of the defects in his claims and failed to cure those defects in the Third Amended Complaint. See id. at 7 ("The court also recognizes that '[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'" (alterations in 1/29/21 Order) (some citations omitted) (quoting Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995))). The fact that the Third Amended Complaint does not address the defects identified in the 1/29/21 Order is "a strong indication that [Ballering has] no additional facts to plead." See Zucco

3

Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (citation and quotation marks omitted).

Ballering's Third Amended Complaint is therefore dismissed with prejudice.  In other words, Ballering will not be given another opportunity to amend his claims.  Because the Third Amended Complaint is dismissed with prejudice, it is not necessary for Ballering to pay the filing fee.

## CONCLUSION

On the basis of the foregoing, Ballering's Amended Complaint for a Civil Case, filed February 24, 2021, is HEREBY DISMISSED WITH PREJUDICE.  There being no remaining claims in this case, the Clerk's Office is DIRECTED to enter judgment and close this on **March 18, 2021,** unless Ballering files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 3, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**SCOTT LYNN BALLERING VS. ALL STATE ATTORNEY GENERALS, ET AL; CV 20-00530 LEK-RT; ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT FOR CIVIL CASE, FILED FEBRUARY 24, 2021, WITH PREJUDICE**